In September 1995, defendant-appellant, Jeffrey S. Simpson, was indicted on three counts of rape in violation of R.C.2907.02(A)(1)(b). Appellant eventually agreed to plead guilty to one count of rape. In exchange, the state dismissed the remaining charges. Appellant was found guilty and sentenced to a prison term of two to twenty-five years.
The Department of Rehabilitation and Correction subsequently recommended that appellant be adjudicated a sexual predator. Following a June 17, 1998 hearing conducted pursuant to R.C.2950.09, the trial court found appellant to be a sexual predator. It is from this finding that appellant appeals setting forth six assignments of error. We affirm.
The first assignment of error claims that the trial court's decision adjudicating appellant a sexual predator is against the manifest weight of the evidence. Under R.C. 2950.09(C)(2), a determination that an offender is a sexual predator must be supported by clear and convincing evidence. State v. Brown
(Oct. 19, 1998), Warren App. No. CA98-03-034, unreported, at 15. Our role is to determine whether the record contains evidence which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id., citing Cross v. Ledford (1954), 161 Ohio St. 469.
Evidence at appellant's hearing demonstrated that appellant was twenty-six years old when he engaged in sexual conduct with the victim, his six-year-old niece. Appellant was baby-sitting his niece when the offense occurred and he used force to perpetrate the crime. Prior to this incident, appellant had no criminal record.
Appellant's father testified that his son admitted guilt to him shortly after the incident and did not attempt to deny the crime. Appellant also presented evidence that he had completed a sexual offender program in prison. Appellant denied that three separate incidents occurred as alleged in the indictment, insisting that he only committed one offense.
We find that the record contains clear and convincing evidence to support the trial court's determination and that the court considered relevant statutory factors under R.C.2950.09(B)(2) in adjudicating appellant a sexual predator.State v. Brown. See, also, State v. Striley (Dec. 29, 1997), Clermont App. No. CA97-05-064, unreported. Appellant's first assignment of error is overruled.
Appellant's second and third assignments of error claim that the classification, registration and notification provisions of R.C. Chapter 2950 violate the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution. We find no merit in either of these assignments of error based upon the Supreme Court's decision inState v. Cook (1998), 83 Ohio St.3d 404. See, also, State v.Brown. Accordingly, the second and third assignments of error are hereby overruled.
Appellant presents additional constitutional challenges to R.C. Chapter 2950 in his fourth, fifth and sixth assignments of error. These identical constitutional claims have already been considered and rejected by this court. See State v. Brown. Thus, appellant's fourth, fifth and sixth assignments of error are likewise overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.